UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

DARRIN MACK,

      Plaintiff,

                                    CASE NO.:

vs.

COLLIS ROOFING, INC.,

      Defendant.

_____/

## COMPLAINT

1. Plaintiff DARRIN MACK ("Plaintiff"), by and through undersigned counsel, brings this action against Defendant, COLLIS ROOFING, INC. ("Defendant"), on the basis of workplace discrimination pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII"), and the Florida Civil Rights Act of 1992 ("FCRA"). In support thereof, Plaintiff alleges as follows:

## JURISDICTION AND VENUE

2. During all material times, Plaintiff has been an individual above the age of eighteen, a resident of Orange County, Florida, and is otherwise *sui juris*.

3. During all material times, Defendant conducted business within the State of Florida, and within Orange County, Florida.

4. This action arises out of Title VII such that this court has federal question jurisdiction over this action under 28 U.S.C. §1331.

5. This Court has personal jurisdiction over the Parties.

## ADMINISTRATIVE PREREQUISITES

6.  All conditions precedent to bringing this action have occurred.

7.  Plaintiff filed a Charge of Discrimination with the United States Equal Employment Opportunity Commission ("EEOC") within three hundred (300) days of the commission of the adverse employment practices as alleged in this Complaint.

8.  Plaintiff received a Notice of a Right to Sue from the EEOC and this Complaint has been filed within ninety (90) days of the date of receipt of the Notice of Right to Sue letter.

## GENERAL ALLEGATIONS

9.  Defendant has been engaged in an industry affecting commerce and as an "employer" as that term is defined in 42 U.S.C. §2000e(b) and the FCRA.

10. Defendant has had at least fifteen (15) employees for each working day in at least twenty (20) calendar weeks at all times material to this Complaint.

11. At all times material to this Complaint, Defendant was an employer as that term is defined within Title VII and the FCRA.

12. At all times material to this Complaint, Plaintiff was an employee as that term is defined within Title VII and the FCRA.

13. Plaintiff is a Black, African American male.

14. Plaintiff was hired by Defendant in approximately 2001 to perform duties as laborer.

15. As a black, African American employee working for the Defendant, Plaintiff did not receive the same type of benefits white or Latino employees received.

16. For example, although Plaintiff had been working for Defendant for more than nineteen (19) years, Plaintiff was not provided with vacation pay, sick pay, or paid time off as was provided to the Defendant's white or Latino employees.

2

17. Additionally, Plaintiff was paid less per hour than Defendant's white and Latino employees despite having much more seniority.

18. Plaintiff did not receive the same benefits of employment or earn as much Defendant's white or Latino employees due only to Plaintiff's race.

19. On December 24, 2019, Plaintiff complained to Defendant about his pay and benefits and stated that he believed he was being treated differently due to his race.  In response, the Defendant terminated Plaintiff's employment on or about December 30, 2019 without providing any legitimate explanation for firing his after nineteen (19) years of employment.

20. Defendant terminated Plaintiff's employment due Plaintiff's race, color, and in retaliation for complaining about Defendant's discriminatory treatment.

21. As a result of the Defendant's unlawful conduct, Plaintiff has been compelled to retain the undersigned counsel who has incurred fees and costs.

## COUNT I

## VIOLATION OF TITLE VII – RACE / COLOR DISCRIMINATION

22. Plaintiff re-alleges and incorporates by reference the allegations contained in Paragraphs 1-21 above as if fully set forth herein.

23. Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. Section 2000(c)-2(a), *et seq.* prohibits an employer from making employment decisions, or from taking any personnel action, affecting the terms, conditions and privileges of one's employment, based upon racial/color classifications, considerations or race/color based reasons.

24. Defendant's pretextual termination of Plaintiff's employment constituted an adverse employment action under Title VII in that it altered the Plaintiff's compensation, terms,

conditions, or privileges of his employment and/or otherwise deprived him of employment opportunities or adversely affected his status as an employee.

25. While Plaintiff was terminated or otherwise suffered adverse employment actions due to Defendant's discriminatory practice of terminating his employment due to hi race / color, other employees who were not in the Plaintiff's protected class were retained or did not suffer the same adverse action.

26. Defendant treated its non-black employees more favorably than Plaintiff, in that those employees received lesser or no discipline for the same alleged workplace violations that Defendant maintains Plaintiff violated.

27. The discharge of the Plaintiff from his employment was motivated on the basis of race/color, and/or race/color based factors, in that those similarly situated employees outside of the protected class, were not subject to the same unlawful actions.

28. Defendant deliberately and intentionally discriminated against the Plaintiff as to the terms or conditions of his employment because of his race / color.

29. As a direct and proximate result of the wrongful acts of the Defendant, Plaintiff has suffered damages and will continue to suffer damages from the loss of past and present wages, loss of self-esteem, emotional harm, psychological distress humiliation, loss of enjoyment of life, embarrassment, and inconvenience and as the direct and proximate result of the Defendant's unlawful actions.

**WHEREFORE**, the Plaintiff respectfully requests that this Court enter judgment against the Defendant, and award Plaintiff damages for lost wages and benefits, back pay, front pay (or reinstatement), damages for humiliation, loss of capacity to enjoy life, mental and emotional distress, physical discomfort, compensatory damages, punitive damages, interest -- including pre-

4

judgment interest on lost wages, costs and attorney's fees, and such other relief as this Court deems appropriate.

## COUNT II

### VIOLATION OF THE FCRA – RACE / COLOR DISCRIMINATION

30. Plaintiff re-alleges and incorporates by reference the allegations contained in Paragraphs 1-21 above as if fully set forth herein.

31. The FCRA prohibits an employer from making employment decisions, or from taking any personnel action, affecting the terms, conditions and privileges of one's employment, based upon racial/color classifications, considerations or race/color based reasons.

32. Defendant's pretextual termination of Plaintiff's employment constituted an adverse employment action under the FCRA in that it altered the Plaintiff's compensation, terms, conditions, or privileges of his employment and/or otherwise deprived him of employment opportunities or adversely affected his status as an employee.

33. While Plaintiff was terminated or otherwise suffered adverse employment actions due to Defendant's discriminatory practice of terminating his employment due to his race / color, other employees who were not in the Plaintiff's protected class were retained or did not suffer the same adverse action.

34. Defendant treated its non-black employees more favorably than Plaintiff, in that those employees received lesser or no discipline for the same alleged workplace violations that Defendant maintains Plaintiff violated.

35. The discharge of the Plaintiff from his employment was motivated on the basis of race/color, and/or race/color based factors, in that those similarly situated employees outside of the protected class, were not subject to the same unlawful actions.

36. Defendant deliberately and intentionally discriminated against the Plaintiff as to the terms or conditions of his employment because of his race / color.

37. As a direct and proximate result of the wrongful acts of the Defendant, Plaintiff has suffered damages and will continue to suffer damages from the loss of past and present wages, loss of self-esteem, emotional harm, psychological distress humiliation, loss of enjoyment of life, embarrassment, and inconvenience and as the direct and proximate result of the Defendant's unlawful actions.

**WHEREFORE**, the Plaintiff respectfully requests that this Court enter judgment against the Defendant, and award Plaintiff damages for lost wages and benefits, back pay, front pay (or reinstatement), damages for humiliation, loss of capacity to enjoy life, mental and emotional distress, physical discomfort, compensatory damages, punitive damages, interest -- including pre-judgment interest on lost wages, costs and attorney's fees, and such other relief as this Court deems appropriate.

## COUNT III

## RETALIATION IN VIOLATION OF TITLE VII

38. Plaintiff re-alleges and incorporates by reference the allegations contained in Paragraphs 1-21 above as if fully set forth herein.

39. Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. Section 2000(e)-2(a), *et seq.*, prohibits an employer from making employment decisions, or from taking any personnel action, affecting the terms, conditions and privileges of one's employment, based upon race/color based reasons.

40. An employee's opposition to an employer's practice, based on the employee's reasonable belief that the employer has engaged in an unlawful employment practice, suffices to show

that the employee engaged in protected activity for purposes of Title VII retaliation claim.

*42 U.S.C.A. § 2000e-5.*

41. An employee's opposition to an employer's discriminatory practices will support claim for retaliation under Title VII. *Id*.

42. Plaintiff complained to Defendant about its unlawful and discriminatory treatment towards him.

43. In response to Plaintiff exercising protected activity under Title VII, Plaintiff was retaliated against and unlawfully terminated by the Defendant.

44. The Defendant treated other employees who did not complaint about Defendant's discriminatory activities more favorably than the Plaintiff.

45. Defendant deliberately and intentionally retaliated against the Plaintiff as to the terms or conditions of his employment due to Plaintiff engaging in protected activity under Title VII.

46. As a direct and proximate result of the wrongful acts of the Defendant, Plaintiff has suffered damages and will continue to suffer damages from the loss of past and present wages, loss of self-esteem, emotional harm, psychological distress humiliation, loss of enjoyment of life, embarrassment, and inconvenience.

**WHEREFORE**, the Plaintiff respectfully requests that this Court enter judgment against the Defendant, and award Plaintiff damages for lost wages and benefits, back pay, front pay (or reinstatement), damages for humiliation, loss of capacity to enjoy life, mental and emotional distress, physical discomfort, compensatory damages, interest -- including pre-judgment interest on lost wages, costs and attorney's fees, and such other relief as this Court deems appropriate.

## COUNT IV

### RETALIATION VIOLATION OF FLORIDA CIVIL RIGHTS ACT – NATIONAL ORIGIN DISCRIMINATION

47. Plaintiff re-alleges and incorporates by reference the allegations contained in Paragraphs 1-21 above as if fully set forth herein.

48. The FCRA prohibits an employer from making employment decisions, or from taking any personnel action, affecting the terms, conditions and privileges of one's employment, based upon national origin classifications, considerations or national origin based reasons.

49. An employee's opposition to an employer's practice, based on the employee's reasonable belief that the employer has engaged in an unlawful employment practice, suffices to show that the employee engaged in protected activity for purposes of an FCRA retaliation claim.

50. An employee's opposition to an employer's discriminatory practices will support claim for retaliation under the FCRA

51. Plaintiff complained to Defendant about its unlawful and discriminatory treatment towards him.

52. In response to Plaintiff exercising protected activity under the FCRA, Plaintiff was retaliated against and unlawfully terminated by the Defendant.

53. The Defendant treated other employees who did not complaint about Defendant's discriminatory activities more favorably than the Plaintiff.

54. Defendant deliberately and intentionally retaliated against the Plaintiff as to the terms or conditions of his employment due to Plaintiff engaging in protected activity under the FCRA.

55. As a direct and proximate result of the wrongful acts of the Defendant, Plaintiff has suffered damages and will continue to suffer damages from the loss of past and present wages, loss of self-esteem, emotional harm, psychological distress humiliation, loss of enjoyment of life, embarrassment, and inconvenience.

**WHEREFORE**, the Plaintiff respectfully requests that this Court enter judgment against the Defendant, and award Plaintiff damages for lost wages and benefits, back pay, front pay (or reinstatement), damages for humiliation, loss of capacity to enjoy life, mental and emotional distress, physical discomfort, compensatory damages, interest -- including pre-judgment interest on lost wages, costs and attorney's fees, and such other relief as this Court deems appropriate.

## **JURY DEMAND**

Plaintiff demands trial by jury of all issues so triable.

Dated:  August 2, 2021                                Respectfully submitted,

s/Jonathan S. Minick
Jonathan S. Minick, Esq.
FBN:  88743
E-mail:  jminick@jsmlawpa.com
Jonathan S. Minick, P.A.
169 E. Flagler Street, Suite 1600
Miami, Florida 33131
Phone:  (786) 441-8909
Facsimile:  (786) 523-0610
Counsel for Plaintiff